**IT IS SO ORDERED.**


**Dated: April 12, 2018**
        **10:53:49 PM**

_Kay Woods_
Kay Woods
United States Bankruptcy Judge


## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| | * | |
| IN RE: | * | |
| | * | CASE NUMBER 18-40034 |
| | * | |
| LEMAR D. CARLISLE, SR., | * | CHAPTER 13 |
| | * | |
| Debtor. | * | HONORABLE KAY WOODS |
| | * | |

**************************************************************
## CONFIRMATION ORDER
**************************************************************

The debtor ("Debtor") filed a Chapter 13 Plan ("Plan") on January 19, 2018.  Having considered the Plan and objections to confirmation, if any, the Court finds as follows:

1.  Notice of the confirmation hearing was duly given.

2.  The Plan complies with all applicable provisions of Title 11 of the United States Code.

3.  Any fee, charge, or amount required to be paid before confirmation (i) under the Plan; or (ii) by 28 U.S.C. § 1930, has been paid.

Rev. 12/1/17

IT IS THEREFORE ORDERED:

1.   The Plan is confirmed.

2.   The Plan is incorporated into this Confirmation Order as if
     fully rewritten.  If there are any inconsistencies between
     the Plan and this Order, this Order shall control.

3.   Provided that (i) the affected creditors have been properly
     noticed or served pursuant to the Federal Rules of
     Bankruptcy Procedure; and (ii) "Included" in boxes 1.1
     and/or 1.2 in Part 1 of the Plan has been checked, the
     corresponding mortgage liens and/or judicial liens
     identified in §§ 3.2 and/or 3.4 of the Plan shall be
     released upon entry of the order of discharge of the
     Debtor.

4.   Any nonstandard provisions in Part 8 of the Plan shall not
     be effective unless (i) the affected creditors have been
     properly noticed or served pursuant to the Federal Rules of
     Bankruptcy Procedure; and (ii) "Included" in box 1.3 in
     Part 1 of the Plan has been checked.

5.   The Plan may extend beyond its stated term in order to
     carry out the provisions of this Order without further
     application or notice pursuant to 11 U.S.C. § 1322.  If a
     Plan proposes a dividend in an amount to which no objection
     is filed by a creditor or party in interest and such
     dividend is increased by agreed order between the Trustee

2

and the Debtor, based on claims then filed or estimated and, subsequent to such increase, additional claims are thereafter allowed, the dividend to general unsecured creditors may be reduced to an amount not less than provided for in the original Plan for which creditors were provided notice, without further hearing or additional notice to creditors.

6.   The Trustee is authorized and permitted to send notices and general information concerning the administration of the Plan directly to the Debtor pursuant to 11 U.S.C. § 1302(b)(4).

7.   The periodic payments called for in the Plan ("Plan Payments") shall be made as specified in §§ 2.2 and/or 2.3 of the Plan.  Plan Payments made directly to the Trustee shall, until further order of the Court, be sent to the Trustee at the following address: Michael Gallo, Trustee; P.O. Box 80; Memphis, TN 38101-0080.

8.   The Debtor is under a continuing duty to:

   a.   provide the Trustee with notice of any (i) change in disposable income; and (ii) financial recovery to which the Debtor becomes entitled for any reason, including without limitation, any personal injury claim, claim relating to termination of employment, workers' compensation claim, unemployment claim,

3

social security claim, inheritance, life insurance benefits, lottery proceeds, or property settlement; and

b.   provide the Trustee with copies of income tax returns in accordance with 11 U.S.C. § 521(f).

9.   Absent prior authorization of the Court, the Debtor shall not:

a.   incur post-petition debt;

b.   transfer any interest in (i) real property, including selling or leasing oil and gas rights; or (ii) personal property having a value in excess of $1,000.00; or

c.   make single purchases on credit in excess of $1,000.00, except for normal and reasonable expenses for the maintenance or support of the Debtor and/or the Debtor's dependents.

10.  Title to the Debtor's property shall re-vest in the Debtor as set forth in § 7.1 of the Plan.

11.  Provided the Debtor's attorney has complied with the terms of Amended Administrative Order No. 14-02 (as amended hereafter), the Debtor's attorney is authorized and permitted payment of attorney fees as specified in the Administrative Order, to be paid by the Trustee through the Plan.

4

12. Administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. §§ 503(b) and 1326(b)(2).

13. A creditor seeking to be paid under the Plan must file a proof of claim pursuant to Federal Rule of Bankruptcy Procedure 3002. After a proper and timely proof of claim is filed, the Trustee shall pay a creditor with a secured claim in accordance with §§ 3.1, 3.2, 3.3, and/or 3.4 of the Plan, as applicable, or, if an objection to a proof of claim has been filed, after entry of an order authorizing payment. After a proper and timely proof of claim is filed, the Trustee shall pay (i) a creditor with an unsecured claim; and (ii) a claim of a governmental unit, in accordance with such filed claim, or, if an objection to a proof of claim has been filed, after entry of an order authorizing payment.

14. Subject to 11 U.S.C. § 1325(a)(5)(B)(iii)(1) and (b)(1)(B), the Trustee shall make monthly payments to the extent of available funds.

15. If § 3.5 of the Plan provides for surrender of a creditor's collateral, (i) the automatic stay in 11 U.S.C. § 362(a) and the co-debtor stay in 11 U.S.C. § 1301 are terminated with respect to the collateral identified in § 3.5 of the Plan; and (ii) the creditor is required to file an unsecured claim for the deficiency balance within 90 days

5

after entry of this Confirmation Order. If § 3.5 of the Plan does not provide for surrender of a creditor's collateral, but the creditor obtains relief from stay, the creditor is required to file an unsecured claim for the deficiency balance within 90 days after entry of a final order for relief from stay. If liquidation of the collateral does not occur within the applicable time period in this paragraph, the creditor should estimate the amount of the deficiency claim; the creditor is required to amend the proof of claim as soon as the amount of the deficiency is known. Failure to timely file a deficiency claim shall bar the creditor from participation in distribution for such deficiency. <u>The time period in this Confirmation Order controls over any inconsistent period for filing a proof of claim in any other order of the Court</u> (*e.g.*, an order for relief from stay or an order sustaining objection to claim).

16. The Debtor is responsible for timely completion of all discharge requirements, including but not limited to filing (i) Form 423 to indicate completion of a course in personal financial management; (ii) certification related to domestic support obligations; and (iii) if applicable pursuant to Second Amended Administrative Order No. 08-11

(as amended hereafter), certification related to 11 U.S.C.
§ 1328(h).


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**SUMMARY PLAN PAYMENTS – ATTORNEY FEES ALLOWANCE:**

1.    Plan Payment:  $475.00 per month.

2.    Term:  60 months.

3.    Dividend to general unsecured creditors:  10%.

4.    Attorney Fees:       Allowed:       $4,000.00.

                          Amount paid:  $  500.00.

                          Balance
                          Through Plan: $3,500.00.


                    #    #    #

7